# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>NEIL GOLDSTEIN,<br><br>　　　　　　　Debtor<br>_____<br><br>DCFS TRUST,<br><br>　　　　　　　Plaintiff<br><br>v.<br><br>NEIL GOLDSTEIN,<br><br>　　　　　　　Defendant | Chapter 7<br>Case No. 04-18873-RS<br><br><br><br><br>Adversary Proceeding<br>No. 05-1036-RS |

## MEMORANDUM OF DECISION AND ORDER ON
## DEFENDANT'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION

The Debtor seeks reconsideration of the Court's denial of his motion for summary judgment on three grounds; and, in the alternative, he seeks clarification of the Court's rulings. For the reasons set forth below, the Court now denies reconsideration and clarifies its rulings.

The Debtor's first basis for reconsideration concerns an alleged lack of evidence to support Plaintiff's burden of proof as to willfulness under § 523(a)(6), which requires proof of intent to injure. I find no cause for reconsideration. The Court must resolve every possible inference and question of credibility in favor of the non-moving party. There exists evidence that the Debtor had possession of the vehicle and has not returned it. These facts by themselves permit a finding of control and an inference of intent to injure. The Debtor alleges that his failure to return was the result of additional facts that demonstrate that he acted in good faith, lost control of the vehicle under innocent circumstances, and lacked intent to injure, but he bears at least an initial burden as to these facts (though certainly not the ultimate burden on the issue of

willfulness). Given the specifics of his story—including the furtive nature of the third-parties that the Debtor contends he dealt with (Blondie Nelson and U.S. AutoManagement, neither of whom is on Debtor's witness list), the fact that both appear to have defaulted on financial obligations ostensibly intended to protect the Plaintiff, the fact that the vehicle itself is missing, the evidence that the Debtor entered into these alleged arrangements without the permission or even knowledge of the Plaintiff and with knowledge (evidenced by his signature on the lease) of his obligation not to assign or sublease the vehicle—the Court was and is satisfied that its credibility should not be assumed for purposes of summary judgment, and therefore that there remains a genuine issue of material fact, requiring denial of summary judgment.

Moreover, even if Rule 56 permitted summary judgment here, prudence would still counsel in favor of deciding this matter on a fully-developed record. The litigation has been especially contentious; the Debtor's defense is an unusual one; and, whether the count under § 523(a)(6) remains in issue or not, the Court will have to make factual findings on related issues that necessitate substantial inquiry into the facts that are the subject matter of this count. Unless all matters are reserved for judgment on the same factual record and findings, there would exist a risk of inconsistent findings and rulings. All these factors, individually and as a group, support a decision to decide this matter on a fully-developed record.

As for the count under § 523(a)(2), the Court agrees that the Plaintiff did not address that count in its response to the Debtor's motion for summary judgment. However, in view of the fact that it rests on largely the same facts as form the basis of the count under subsection (a)(6), there is little to be gained by making a dispositive ruling at this juncture. This is especially true where the record is not devoid of evidence that the Debtor arguably proceeded under false pretenses by not keeping the Plaintiff informed of matters he was obligated to keep it informed

2

of, and that the Plaintiff has been injured as a result.[1] I make no ruling here as to whether the evidence supports a cause of action under § 523(a)(2), or even as to whether this count remains in issue; my earlier ruling simply put these questions over to another day.

The Debtor's third basis for reconsideration is that the Court introduced an injury element that is irrelevant to Debtor's motion. This is not cause for reconsideration. The Court's comment on injury was directed to the Plaintiff's motion, not the Debtor's, and does not affect that validity of the order denying the Debtor's motion.

## ORDER

For the reasons set forth above, the Debtor's Motion for Reconsideration and/or Clarification is DENIED as to reconsideration allowed as to clarification; the Court's rulings on the Debtor's motion for summary judgment are clarified as set forth above.

Date: August 24, 2005

Robert Somma
United States Bankruptcy Judge

cc: Joseph Bodoff, Esq., for Debtor
    Douglas Rose, Esq., for Plaintiff

---

[1] Regardless of whether the Plaintiff has responded to a motion for summary judgment, the Court is obligated to determine whether the motion is well-founded.

3